**NYSCEF**
New York County Supreme Court

**Document List**
**Index #  653395/2016**

Created on:08/30/2016 01:16 PM

Case Caption:   **VIP Car Leasing, Inc. - v. - Orian Sh.M. Ltd et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 06/27/2016 | Luciano-beras, J. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

VIP CAR LEASING, INC.

               Plaintiff,

-against-

ORIAN SH.M. LTD., TYRECK, LTD.,AMAL ASAD,
SROR ASAD, MEIRAV WOLKINSON, RONEN AZULY,

               Defendants.
---------------------------------------------------------------X

Index No.:
Date Filed:

**SUMMONS**

Plaintiff designated
New York County as
the place of trial.

The basis of venue is
Plaintiff's business
address
Plaintiff's operates
from:50-21 49th St.
Woodside, NY 11377

## ACTION FOR DAMAGES

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer or, if the complainant is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service ( or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 27, 2016

Yours, etc.

Juan P. Luciano, Esq.
Attorney at Law, P.C.
347 Fifth Avenue
Suite 1003
New York, New York 10016
T. 212-537-5859

Defendants address:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
VIP CAR LEASING, INC.

Index No.:
**VERIFIED COMPLAINT**

                          Plaintiff,

-against-

ORIAN SH. M. LTD., TYRECK, LTD., AMAL ASAD,
SROR ASAD, MEIRAV WOLKINSON, RONEN AZULY,

                          Defendants.
-----------------------------------------------------------------X

Plaintiff, BOAZ BAGBAG (hereinafter known as "Bagbag"), complaining of the Defendants, respectfully sets forth and alleges as follows:

1. Plaintiff, is a New York Corporation with its principal place of business located at 50-21 49th Street, Woodside, New York 11377.

2. Defendants ORIAN SH.M. LTD., (hereinafter "ORIAN") is now and at all times mentioned a corporation organized and existing under the laws of the State of Israel and having a principal place of business located at 6 Tefuzot Israel St., Givatayim.

**FACTS:**

3.     Defendant, Orian, is an Israeli company which is in the business of shipping goods from the State of Israel to the United States as wells as other countries around the world. Plaintiff, is a New York corporation involved in the business of sale of cars and auto parts. The parties entered into an agreement whereby Defendants committed to ship 60 Containers weighing 32 tons used

tires to Plaintiff whom was going to resell the same in the State of New York and throughout the United States. In consideration for the shipment of tires, Plaintiff agreed to pay Defendant's the sum of $5.00 per tire. In addition to Plaintiff's payment, Defendant was entitled to receive $150 per ton of tires from the State of Israel for shipping the used tires; recycling credit. Plaintiff was responsible for any tariffs, fees, taxes or other cost charged by the United States Customs or any other government agency in the United States for importing the tires.

4. Defendant shipped the tires to Plaintiff from March 2011 to March 2012.

5. Defendant misrepresented the weightof the tires shipped from Israel to the United States. While the parties contracted to ship 60 containers weighing 32 tons, Defendant's shipped 60 Containers weighing 20 tons each. However, on their declaration to the United States Custom, Defendants claimed that the containers contained 32 tons of tires. As a result of Defendants misrepresentation, Plaintiff incurred $2,000 per container ($120,000 in total) in tariffs, fees, taxes and other cost for the shipment of tires.

## AS AND FOR THE FIRST CAUSE OF ACTION: BREACH OF CONTRACT

6. Plaintiff re-states repeats and re-alleges the claims on paragraphs 1 to 5 as if they were stated herewith.

7. Defendants are liable to Plaintiff under the theory of breach of contract as the parties entered into a binding contract where Defendants committed to supply

8. Plaintiff 60 Containers containing 32 tons of tires. Defendants breached the contract as they supplied Plaintiff with 60 containers weighting 20 tons of tires instead of 32 tons. Defendants' breach of contract caused Plaintiff's $120,000 in damages.

8. Wherefore, Plaintiff demands a judgment against the Defendants in the amount of $120,000 for damages and additional cost and disbursements.

## AS AND FOR THE SECOND CAUSE OF ACTION: FRAUD

9. Plaintiff re-states repeats and re-alleges the claims on paragraphs 1 to 8 as if they were stated herewith.

10. Defendants are liable to the Plaintiff under the theory of Fraud.

11. The parties entered into a contract whereby Defendant committed to supply Plaintiff with 60 containers weighing 32 tons of tires. Defendants misrepresented the weight of the containers by declaring in the export documents that they were shipping containers weighing 32 tons of tires when in fact the containers weight 20 tons of tires. Defendants' misrepresentation of the weight of the containers was intentional as they intended to collect the recycling credit from the Israeli government as well as collect $5.00 per tire from 12 tons of tires that were not shipped to Plaintiff. Plaintiff reasonably relied on Defendant's misrepresentation as such misrepresentations were made by Defendants to government officials in Israel and the United States. Further, Plaintiff believed Defendants to be reputable companies and business

man. Plaintiff was injured by Defendants' fraud and misrepresentation and incurred $120,000 in damages.

## AS AND FOR THE THIRD CAUSE OF ACTION: CONVERSION

12. Plaintiff re-states repeats and re-alleges the claims on paragraphs 1 to 11 as if they were stated herewith.

13. Defendants are liable to Plaintiff under the theory of conversion.

14. Defendants intentionally converted 720 tons of tires Plaintiff paid for by misrepresenting that they shipped 32 tons of tires in 60 containers when in fact they shipped 20 tons per container. Defendants retained possession of Plaintiff's tires to Plaintiff's exclusion from the use and benefit of those tires which he intended to resell.

15. Plaintiff incurred $350,000 in damages as a result of Defendants' conversion.

16. Wherefore, Plaintiff demands a judgment against Defendants in the amount of $350,000.

WHEREFORE, Plaintiff, BOAZ BAGBAG, demands judgment against the defendants for Four Hundred-Seventy Thousand dollars in damages, together with costs and disbursements of this action.

Dated: New York, New York

    June 27, 2016

        Yours Etc.,

                            Juan P. Luciano, Esq.
                            Attorney at Law, P.C.
                            347 Fifth Avenue
                            Suite 1003
                            New York, New York 10016
                            T. 212-537-5859

## VERIFICATION

STATE OF NEW YORK  )
                             )ss.:
COUNTY OF NEW YORK  )

Boaz Bagbag, president of VIP Car Leasing Inc., being duly sworn, deposes and says:

    I am the plaintiff in the above entitled action; I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe it to be true.

Dated: June 27, 2016
       New York, New York

*[signature]*

VIP Car Leasing, Inc.

Sworn before me this 27th, day of June, 2016

*[signature]*
NOTARY

Juan P. Luciano-Beras
No. 02lu6326691
Qualified in Bronx County
Comm. Exp.: 06/22/2019
State of New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X    Index No.:
VIP CAR LEASING, INC.

                              Plaintiff,

    -against-

ORIAN SH. M. LTD., TYRECK, LTD., AMAL ASAD,
SROR ASAD, MEIRAV WOLKINSON, RONEN AZULY,

                              Defendants.
---------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

JUAN P. LUCIANO, ESQ.
ATTORNEY AT LAW, P.C.
347 FIFTH AVENUE
SUITE 1003
NEW YORK, NEW YORK 10016
T. 212-537-5859

NYCRR 130-1.1a